STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
December 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES C. BRIERS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0552**  (BOR Appeal No. 2046547)
(Claim No. 2009067189)

**BLUEFIELD RESCUE SQUAD, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James C. Briers, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bluefield Rescue Squad, Inc., by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 3, 2012, in which the Board affirmed an October 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 11, 2010, decision denying Mr. Briers's request for authorization for a microscopic lumbar discectomy, and also affirmed the claims administrator's May 3, 2011, decision denying Mr. Briers's request for authorization for transforaminal epidural injections of the lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Briers was employed as a paramedic with Bluefield Rescue Squad, and injured his back on November 4, 2008, while lifting a patient. On November 12, 2008, the claim was held compensable for sprain/strain of the lumbosacral spine. A November 19, 2008, lumbar spine MRI showed a central disc herniation at L5-S1 and a mild disc bulge at L4-5. Radiographs taken on December 18, 2008, revealed mild degenerative disc disease at L4-5 and L5-S1. On June 16,

1

2010, Dr. Dauphin reviewed Mr. Briers's medical record and found that there had been nearly a fifteen month lapse in treatment. He further found that Mr. Briers's compensable lumbar sprain had healed within four months of the injury, and that his current symptoms are the result of an intervening injury and not the compensable injury. On July 13, 2010, an MRI revealed a larger disc herniation at L5-S1 with degenerative disc disease and disc bulging at L4-5. On July 16, 2010, Dr. Chhabra, Mr. Briers's treating physician, stated that he was experiencing pain from a 2008 injury. On August 3, 2010, the claims administrator denied a request to add herniated nucleus pulposus, lumbosacral spondylosis, and lumbar radiculitis as compensable components of the claim. On December 12, 2010, the StreetSelect Grievance Board also noted the fifteen month gap in the treatment record, and found that there is evidence that Mr. Briers's condition improved during that time. The Grievance Board then found that based on a comparison of the November 19, 2008, and July 13, 2010, MRIs, it appears that Mr. Briers's current symptoms are unrelated to the November 4, 2008, injury. On October 11, 2010, the claims administrator denied Mr. Briers's request for authorization for a microscopic lumbar discectomy, and on May 3, 2011, the claims administrator denied his request for authorization for transforaminal epidural injections of the lumbar spine.

In its Order affirming the October 11, 2010, and May 3, 2011, claims administrator's decisions, the Office of Judges held that the requested microscopic lumbar discectomy and transforaminal epidural lumbar injections are not medically related to and reasonably required for the treatment of the November 4, 2008, compensable injury. Mr. Briers disputes this finding and asserts that the evidence of record demonstrates that a microscopic lumbar discectomy and transforaminal epidural lumbar injections are medically related to and reasonably required for the treatment of his compensable injury.

The Office of Judges found that in his records review, Dr. Dauphin recommended against authorizing additional treatment for the lower back. The Office of Judges further found that Dr. Dauphin's recommendation against further treatment is persuasive based on the evidence of record. Additionally, the Office of Judges found that on April 29, 2011, the StreetSelect Grievance Board held that given the resolution of Mr. Briers's compensable sprain and the fifteen month lapse in treatment, coupled with the fact that the requested treatment is related to a non-compensable disc herniation, the denial of the requested transforaminal epidural injections is appropriate. The Office of Judges then found that the April 29, 2011, Grievance Board decision is supported by a March 9, 2011, records review performed by Dr. Mukkamala, who also recommended denying authorization for the requested injections because they will be used to treat a non-compensable condition. Finally, the Office of Judges found Dr. Chhabra's statement attributing Mr. Briars's current symptoms to the November 4, 2008, injury to be unpersuasive because he failed to provide any reasoning demonstrating how he arrived at his conclusion, and because he failed to address the progression in Mr. Briars's condition shown in the July 13, 2010, MRI. The Board of Review reached the same reasoned conclusions in its decision of April 3, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum

3